We'll hear argument first this morning in Case 23-365, Medical Marijuana v. Horn. Ms. Blatt. Thank you, and may it please the Court. RICO states that any person injured in his business or property by reason of racketeering can sue, therefore, and recover threefold the damages he sustains. Because RICO's cause of action excludes personal injuries, RICO excludes damages resulting from personal injuries. The text differentiates the injury from racketeering and the damages sustained from that injury, thus showing that injury and damages are distinct. And the references to damages he sustains shows that damages are the losses suffered as a result of the injury. Damages are not themselves the injury inflicted by the defendant. This distinction tracks this Court's recognition that lost wages and medical expenses are classic damages from personal injuries. Respondent's complaint alleges the personal injury of an unwanted ingestion of THC and the resulting damages of lost wages. To quote the complaint, Defendant's behavior caused plaintiff's physical harm in the ingestion of Dixie, and as a direct result of consuming this product, he was dismissed from his employment. That's a personal injury claim outside civil RICO. Respondent argues that every economic loss is its own RICO injury. But not to worry, because RICO still bars non-pecuniary damages. But that view conflates injury and damages by treating RICO's exclusion of personal injuries as just excluding a narrow type of damages, pain and suffering and emotional distress. Respondent's rule also leaves the personal exclusion toothless, since virtually all personal injuries result in monetary loss. It is utterly implausible that Congress federalized every slip and fall involving RICO predicates. Personal injuries are serious and may support state tort claims, but they are not the stuff of RICO. I welcome questions. What does it mean to be injured, someone to be injured in his business? The court in the Clayton Act case of Ryder talked about what injury to business and it was referring to any time a commercial enterprise suffers any monetary loss, it would be a injury to both business and property, a right to carry on business. Now the lower courts pre-RICO under the Clayton Act have also recognized that an employee has a business, kind of a right to carry on in his employment and we haven't contested that. So in those cases, if you conspired to prevent, in those cases they involved an encyclopedic salesman, deprive those people of their right to carry on their profession as a salesman, the lower courts recognized that that was an injury to business. So it's a right to carry on a profession or your commercial enterprise. Can loss of employment ever constitute injury in business? Well it certainly does in the Clayton Act and the example I can think of, the only example that readily comes to mind in RICO would be the human trafficking cases where a person is forced to work against their will and there's an injury in your right to get, you know, the payment for your performed work. So that would be an injury, a direct injury to one's business. And that human trafficking, it's hard to see how it would otherwise come up unless you defrauded someone into quitting their job, but generally lost wages are pretty standard, prototypical damages from personal injury. Ms. Platt, you're raising an example that leads me to think that what you're really arguing about is proximate cause, meaning, and not really whether personal injury is recoverable or not, it is under, by your own admission, certain circumstances. And in your brief you list a bunch of examples that seem to me quintessential personal injuries, but you related them to the business loss and then said those were recoverable. So it doesn't make any sense to me to say a mob can threaten a store owner to take over his business and if he doesn't, injure him and he can't recover. But if they put a bomb in the place and close it down, they close it down by hitting him or shooting him, but then throw a bomb, he can recover for the bomb, but not for the injury to himself. So no one under the statute can ever recover for personal injuries, full stop, never, ever. If there's an independent infringement of the right to property. Isn't that an issue or shouldn't it be an issue of proximate cause, which wasn't reached in this case, correct? So no one hears why, because a lot of examples, the plaintiff will meet a direct and proximate cause and I can start to give you a million, but they would still be damages resulting from personal injury. Take your shooting where someone is shot and suffers medical expenses and can't work. Direct injury, sure, the lost wages and medical expenses, but still it's damages resulting from personal injury. So approximate cause. But no, there's a whole lot more to RICO than simply damages. There's also the predicate that you have to have a racketeering. For sure.  You have to have willful intent in product liability cases. Most of those are negligence or strict liability, so you're not going to have willfulness or  And similarly, you have to show proximate causation, reasonably foreseeable. There's a serious question as to whether you shoot someone not related to the enterprise and you cause damage, but another predicate act occurs that you're going to recover. So in your normal case of any personal injury, you read labels misleading, you're injured, you are, can't work, you have lost. You're still not. Well, I guess, so two things. You can always have causation, but there's still an independent requirement that you must be injured in your business or property. Yes, and there's plenty of proximate, direct, absolute causation, no ands, ifs, or buts, but it's still just a personal injury action that's outside the scope of RICO. You started by talking to Justice Thomas about what it means to be injured in your business or property. Now, there might be a set of questions there that this court has not addressed. Lower courts have, but you said lower courts have said that to lose a job is to be injured in your business or property. No, sorry. To lose a job can be both damages or an injury. It depends on the nature of the cause of action. So you always, generally, with every personal injury, can have permanent job loss. You can have lost wages. Those are damages. It is a very rare case. Well, it's also a loss when, you know, it's a harm when I lose a job. You know, I've been harmed. I lost my job. When you pay medical expenses, you're harmed as well. If you're harmed when you lose a job, then you've been injured in your business, haven't you? I mean, just this, I guess what I'm saying is the simplest, clearest reading of this statutory language is it doesn't distinguish by what causes the harm. It just says if you're harmed in a way that's in your business or property, which has been understood to include being harmed by loss of a job, and that's by reason of a violation of section 1962, then you're entitled to threefold the damages you would otherwise be. And the problem with that is it's reading the statute, just like the Federal Tort Claims Act, the Anti-Terrorism Act, to say any person injured in his person can recover threefold the damages. Well, it's not reading the statute the same way as injured in his person, because if all I come in and say is, you know, I suffered emotional distress or I suffered pain and suffering, I would not be entitled to damages. So that's an infinitesimal small number of cases that would be excluded. It might be an infinitesimal small number of cases. I'm just trying to figure out, like, that's the most normal, natural reading of the statutory language. If you've been – it doesn't say what you've been injured by. I mean, you have to be injured by the RICO violation, but it doesn't distinguish among different kinds of RICO violations. It just says if you've been injured by a RICO violation in your business, which includes your employment, then you're entitled to threefold damages. And the only way to give the statute its normal meaning of damages sustained is to distinguish between the injury. If the respondent had hit a tree because he was impaired from THC, that would be a classic personal injury action for lost wages and medical expenses. It sounds like you think maybe the Second Circuit is right. The Second Circuit seemed to think lost wages are always recoverable, but medical expenses never would be, because that results from a physical injury. And of course, property loss, the most fundamental of all property loss is monetary loss. All personal injury actions result in monetary loss except, I guess, a case where there's exclusively psychological damage. But I don't know exactly how your rule works, because if you don't read it that normal, straightforward way, then, you know, you get into all these. You admit in a whole set of hypos that I can do something to you that we would normally classify as a personal injury, and you would be entitled to RICO damages. No. So if I hit you, and as a result of that, this is your car wash operator example, there's an assault that's usually understood as a personal injury, but as a result, you decide to do business with the mobster rather than with the legitimate businessman. And you say, well, notwithstanding that it was all caused by an assault, which was a personal injury, you are entitled to RICO damages. And I think you could say the same thing here. But that's not our argument. Well, I don't know how you get to the answers of your hypotheticals, if that's not your argument.  Whenever you have a robbery where money is taken, or an extortion where money is taken, or kidnapping where ransom is taken, there are two independent infringements of your legal right. You have a right to not be hit, or assaulted, or whatever, you know, kidnapped. And you have a right not to have your money taken. And when money is taken, you get your money back under RICO, because that's a monetary independent loss. Your money is taken as a result of the assault. The assault happens, and then you say, okay, I better do business with you. So I mean, it's a consequential injury from the assault. Let me give you an example. If you take the money and then shove the person down the stairs, you took the money. You may have shoved the person down the stairs to prevent them from getting your money back, but our test doesn't ask which- But that's not your own hypos. Your own hypos are things like, there's an assault, there's a kidnapping, there's a murder. All of those things are personal injuries that don't have any particular economic component. As a result of those things, you lose some business opportunities. And you yourself say you get RICO under that, you get RICO damages under those hypotheticals. So this one looks pretty much like that. No. You can always get RICO damages for independent property violations. And here there is just an allege of a right not to have, not to be induced to consume THC. Our position is no different than the Clayton Act. It's the exact same rule. This court in the Truett versus Chrysler Motor Company case said, no damages resulting from personal injuries. That is our test. Ms. Black, can I ask you- Go ahead. Ms. Black, can I ask you where you get your definition of legal injury? I mean, are you looking at just kind of general tort principles? I guess I'm having a hard time figuring out exactly how you look at it and define it. Two places. So when it says, you know, this RJR Nabisco and also just the statute, you can sue for a personal injury. That to me conjures up the infringement of a right. And in Western Gecko, when the court talked about an infringement of the patent right, it called it the injury. In Yagazarian, when it talked about what the injury in that case was, when trying to decide if there's a domestic injury, it talked about what the racketeering activity directly did to the plaintiff. And so injury as an infringement of a legal right is a, I think we cite Ballantyne, but that is a standard definition of injury. Where does the legal and the legal right come from? Are you looking kind of at general principles? You're just looking at the nature of the harm? Does it- I think it's just a question of federal law. I mean, so whether you have an injury to person, property, or business, that's a question of federal law that's informed by general tort principles. So you're looking at the restatement? You could in the Burt case that dealt with whether something was a personal injury on, sorry, damages on account of personal injury. The court looked at things like a dobs and restatements, but it was a federal question on whether the damages resulted from the personal injury. Why aren't you looking- Whether discrimination under Title VII was in fact a personal injury or some other kind of injury. The court looked at a bunch of state law sources, but it was a federal law question. Ms. Blatt, I'm trying to understand the personal injury that you say was alleged or happened in this case. I did not perceive Mr. Horn to be relying on any sort of personal injury allegation with respect to the RICO count. He doesn't say, for example, that he took the THC and that he got ill from it. And as a result of that, he took off from work and then he got fired. He says instead, just directly, that he, let me see. It alleges a pattern of mail and wire fraud related to your client's alleged fraud about whether the product contained THC. He relied on that and he got fired as a result. I don't see where personal injury is doing any work in his RICO claim. I think you're correct in the complaint that the allegations we're talking about, where he's talking about physical harm. It's talking about either the allegations that are general. But page 21 of our brief goes into great detail of all the other places in his affidavit and in the RICO case statement. Yeah, but those are in other counts. Those are in the personal injury counts, and I think that matters. No, not in the RICO statement. The RICO statement, by definition, is the RICO claim. No, no, no. What I'm saying is, the question presented in this case that you presented is whether economic harms resulting from personal injuries are injuries to business and property. So I'm trying to understand the allegation of personal injury here from which the business harm results. He doesn't say my injury is resulting from a personal injury. He says I'm injured because I got fired. Well, his entire causation, and again, I'm not just quoting from the complaint. His affidavit, he needs to rely on the consumption or he doesn't have causation. Consumption is personal injury. But this was litigated at the cert stage. But does your test need to rely on the consumption? I mean, suppose there was, suppose the employer's rule. I think that's fair. You're right. But that's why I'm sort of with Justice Kagan trying to understand your rule. I think our rule is if there's no personal injury, we don't need to be here and have this discussion. No, no, no. What I'm asking you, let me ask you in a hypothetical. Okay. All right. So suppose we have the same basic situation, but the employer's rule is that you can't possess THC. Can't have it. And he looks at all of the advertising materials. He understands that your product does not have it based on your advertising materials. And so he buys it and he has it in his locker. I think this is an example that the respondents came up with. Yes. And then he's fired because the employer says you have it, you're not supposed to have it. Does he have a RICO claim or not under those circumstances? Well, he doesn't have a RICO claim, but it wouldn't be covered by this case because there's no personal injury. It'd be no different if he was fired. No, no. You're inserting personal injury. What I'm suggesting... Your example doesn't involve a personal injury. Now, at most, if I can just answer the direct question, if I was that person's lawyer, I would say you were injured in your business or property for the purchase price. You paid... Purchase price is a classic RICO injury, classic Clayton Act. He's entitled to three times his purchase price. So you're saying he would have a RICO claim... For purchase price. He would... Okay. So... But lost wages aren't... He doesn't rely on the law... And he would fail any kind of causation test if he tried to say I was fired from the purchase price. He would ultimately fail causation under three of your Supreme Court cases that say there has to be a direct relationship between the conduct that was done to the plaintiff and the lost claim. And there you have the independent actor of the employer. It'd be no different if the employer fired him for being tricked into buying baby powder that didn't have the requisite. He might have an injury, but he just wouldn't have a RICO claim because there'd be lack of causation. And isn't that essentially what's wrong with this case, too, is what Justice Sotomayor was suggesting? I mean, there is a definite causation problem in this case. Absolutely. Is, you know, he buys this thing, he ingests this thing... And someone else fired him. A different person fires him. This is not a good RICO claim for that reason, but it has nothing to do with the reason that you're given. Oh, no, no, no, no. You can win for more than one reason, Justice Kagan. The Second Circuit held that... But you're relying on an intuition that your client should win and Ms. Anand's should lose. And that intuition may be a very valid one, but the intuition works because there's no proximate cause. The intuition does not work because he hasn't satisfied the business or property requirement because he has. He's been injured in his personal property by reason of a RICO violation. With all due respect, every classic slip and fall personal injury case, you could talk about causation clearly, but it would still be the lost wages, you're fired because you either can't work because you're permanently disabled, or your employer fires you because you can no longer see or have an arm. You still lose your job. Maybe there's also an issue. I mean, we haven't decided what this business or property phrase means. Maybe business or property doesn't mean lost wages. But again, that's a second reason why you might win. But also a reason that has nothing to do with the reason that you're articulating here. Justice Kagan, the Ninth Circuit and the Second Circuit hold if you have a personal injury, and what the other side reads the statute to say anybody injured in his person have added under RICO, just don't assert economic damages. That flips the statutes on its head. It doesn't say anything about being injured in your person. And under their rule, all personal injuries are recoverable under RICO, which is an absurd, not just intuitive proposition, but that cannot be within the contemplation of Congress. Can I pick up on Justice Barrett's question? Because I think the other side says that injury, just ordinary meaning, means harm. And you say that's wrong based on an idea that injury is a term of art, I think, in tort law. Can you elaborate on why injury does not equal harm? Because that's front and center in there. So I think injury could mean harm. It just says it means the legal harm that was invaded. So I don't have a problem with the word harm. But what it doesn't mean is loss in terms of any damage. And they have no meaning or independent distinction between injury and damages sustained. And I think inherent in that distinction between the injury that you sue over is the type of infringement. And you have to have, look, everyone agrees, at least I think, since you've said it twice under Clayton Act and RICO, that the cause of action excludes personal injuries. So what does that mean? We think it means what it says. It excludes personal injuries. So that means the damages from personal injuries. They say, no, no, no, it includes personal injuries. And it includes all damages from personal injuries. But why is this a damage from personal injury? That's the part I don't understand. He's not claiming that he got ill because of the product. He's not saying he was personally injured. He didn't even know that he had ingested THC until the testing and the firing. Isn't that where his injury comes in? I think, I mean, this was what the other side briefed to the Second Circuit. And the Second Circuit didn't decide it. But if I ate poppy seed bagels and failed a drug test, it's a personal injury. If I took a medicine like doxycycline, which is an antibiotic, and I can't be out in the sun and I lose my job as a lifeguard, it's a personal injury claim. But why are you saying that? I mean, you're just saying that. I'm asking you. Why am I saying it? There are personal injury claims that derive from a person being harmed by the ingestion of the product. Right? And they're bodily, physically harmed because they have taken this thing. I don't read this claim to be that kind of injury. He's not saying that the product itself injured him in any way. I think it is inconsistent with all of tort law to say a bodily invasion is not a personal injury just because you didn't have to go to the hospital or cough. He voluntarily took the product. He was not invaded. We all take products that can be mislabeled. We take them and we either get sick or we don't. But we all take products and we claim, yeah, but the label told me I wasn't going to have a side effect. And I had the side effect. Ms. Blatt, if I might ask you a different question. You rely heavily on the Clayton Act and the similar language there. I went and looked at the Aretha Hoven camp, what they have to say about this.  I know. I know. Yeah. Oh, dear is right. They say Ryder thus made plain that the business or property requirement is virtually always satisfied provided there's some kind of injury that can properly be characterized as economic. Yeah, I don't know. That's not right. I would go. So you just disagree with. Oh, yeah. No, that's definitely wrong. OK.  OK. That's all I need to know. Yeah. No. Wrong, wrong, wrong. And Ryder, I think, I mean, says any time a commercial enterprise suffers any monetary loss, it's going to be a business or injury. But let's look. There are Clayton Act cases after Clayton, any any conspiracy to affect drug prices that resulted a personal injury would mean trouble damages under Clayton Act. That would be a sea change, a sea change in Clayton Act. If you had personal injury recovery for price fixing. So even Homer nods the greater Rita and Hoven camp treatise role. No, absolutely. No, absolutely. Because you would you would that would be, like I said, a sea change under Clayton Act. I mean, it might be a boondoggle for plaintiff's lawyers, but I think it would freak everyone else out. Ms. Blatt, aren't you stopped from claiming that he has a personal injury here when below you argued or your client argued that he had no personal injury, which is why all the personal injury claims were dismissed? I don't understand how you can have it both ways. Sure. On page 113 of the pet app, the district court is recognizing that we argued and the court said there's no cognizable injury. But on pages 49 and 50, which I think is pretty bad for the other side, the court is saying. But there's clearly a this is a classic personal injury claim, which is why he can get lost. I understand. I'm talking about what you argued. Your client argued to get rid of the personal injury claims that he had no personal injury. The only thing was economic. And so now that he's left with the economic, you say, no, there is a personal injury and he can't get damages. That's right. On pages 49 and 50, it goes through how we the defendants are arguing this is a personal injury claim. So we did argue as a personal injury claim. We claimed what we're talking about before. There's no cognizable personal injury. It's like saying emotional damage. It's not it doesn't count because you didn't it didn't manifest itself in physical. So I don't think we're stopped. If you want to let that, I guess, I don't know, reverse. You'd have to reverse the rule and then decide if we're stopped. But I don't I'm not sure how that would work out. If that's what you thought. Do you want to respond to their invocation of the liberal construction canon? Yes. A couple responses. I mean, liberal construction in light of its remedial purposes. But the one thing all nine of you should agree on its remedial purposes did not extend to personal injuries. You've already said that twice in the Clayton Act and in RJR Nabisco. It doesn't extend to remediate personal injury. Second of all, I think it's a tiebreaker. Their serious reading of the statute inserts the word injured in its person to read just like the Anti-Terrorism Act. And finally, I think it does run up against a constitutional principle of federalism that their view does cannibalize all of state tort law. Every every slip and fall from a mislabel now is a RICO case. So I think, I mean, that should be the court. I mean, one more thing I'll try on that. The court last cited that clause in 1985, I mean, hasn't relied on it since and says you shouldn't use it to put RICO in context that Congress, you know, didn't want or couldn't have contemplated. And here it is just so would be so striking to think that RICO remedied personal injuries. Thank you, Counselor. Justice Thomas. Justice Alito. Well, you say that under RICO injury is, quote, the invasion of a legal right. So how would we go about determining whether something is a legal right for this purpose? So first you look at the complaint. I think property is pretty easy because the court has already said any monetary loss is a property loss. So I mean, you could quibble about whether loss of consortium, if state law defines that as a property loss, and then injury is also, I think, pretty easy because that involves the body. But what authorities would we look at? Oh, look at the complaint. Look at state law, general tort principles. Again, that Burke case. General tort principles. Yeah. What Burke said is, which I like because it, I think it works, is that are the damages, what are the damages seeking to redress? Are the damages redressing a something that happened to the body? Are they redressing stolen property or are they redressing a right to carry on in your business? All right. Thank you. Justice O'Meara? Ms. Black, you rely a lot on Western GACO. You mentioned it a few minutes ago. Yeah. But you ignore its language where they differentiate a patent case where the legal right is the right not to be infringed and where you feel the economic loss is different. And we said there that the patent act was different from civil RICO because the question in civil RICO is where the plaintiff feels the injury. In other words, where he suffers the economic harm that the damages compensate. So why should we think, and in Sedema, we were very, very clear that RICO doesn't rely on state law, state tort law concepts. We said that explicitly. What we said was that RICO compensates injuries to have been caused by predicate acts. That's our, and we explicitly say not otherwise an injury cognizable under state tort law. But that's even better for me because our position is you shouldn't, you can't get recovery that's caused by personal injury, which I think this case is. But on RJR Nabisco, sorry, the Western GACO citing RJR Nabisco, I didn't. But that goes back to what Justice Jackson and what I tried earlier and Justice Kagan point out. You're trying to say there's a difference between the two, but we've made very clear in Western GACO there isn't. Injury is where you feel the harm. Now the question is, what's the harm? And as Justice Jackson said, the harm is not ingesting the drugs. That's the personal injury. The harm is from being fired. And whether there's a connection between the predicate acts and that harm is a question of proximate cause, not a question of personal injury. Yagazarian is the most recent case where you said the injury was the inability to collect the California judgment, was a domestic injury. You did not say it was the injury where all the effects were felt, which were a million different places. But that has nothing to do with the language of RICO, which says, It was the language of RICO. ... impensable injuries are the harms caused by predicate acts, and that's what we said in Western GACO. It's where you feel the harm. Yagazarian quotes that exact same language, and I think it begs the question about what is the harm talking about? Is it the harm that's the legal invasion of the right, or is it the damages at the end of the day? Thank you, counsel. Justice Kagan? Justice Kavanaugh? Justice Jackson? Can I just ask you about a hypo? Because I'm still trying to understand your rule. You seem to be suggesting that the mere existence of physical harm renders any business injury not compensable. Is that, do I have the sum total of your... No. No. Okay. Okay.  So what is your... Because you just said it's any personal injury renders the damages not recoverable. Obviously, if you have a business injury, a property injury, you can recover damages. Even if you have a physical injury too? Absolutely. Because that's the example of a robbery. If you are thrown down a flight of stairs, and they take your wallet, you have two injuries. You fell down the stairs, and you lost your wallet. Okay. So you have a property injury and a personal injury. Okay. Two independent invasions. And so here, you say he took the drugs, and that was an injury. And he says, I was also fired. Why isn't that two injuries too? Because every, because that conflates damages. Every personal injury, you could say, I slip and fell. But this is, imagine that this is not damages in the following sense, all right? If we have a case in which he takes the drugs, and as a result of taking the drugs, he has to go to the hospital. And as a result of being in the hospital, he can't work, and then he's fired, I kind of understand the argument you're making. But in this situation, he takes the drugs, and there is no harm to him from taking the  Let me leave you with one more example. He goes to the hospital, and then he loses his sight. And he can't drive anymore, so he gets fired. He still has a loss of employment. It is a damage. I understand, but that's not this case. Nothing happened to him as a result of taking the drugs. Instead, what happened to him, I think, and this is, maybe I'm just not understanding. It changed his, well, allegedly, it had THC in it. I think it's the same thing as if you took something and had an allergic reaction. It's a physical, chemical, bodily invasion. He didn't want THC, and he took it. It's like taking cocaine. To me, that's a physical injury. Whether or not you hit something. Thank you, Counsel. Ms. Anand. Mr. Chief Justice, and may it please the Court, I want to address two quick points. The first is about the damages sustained locution in Section 1964C. That means compensatory damages. We know that from the rest of the U.S. Code, the syntax of the sentence, and the plain meaning of the word damages. The rest of the U.S. Code, that locution, damages sustained, appears some three dozen times in the U.S. Code. It always means compensatory damages. So we point you to the example of 18 U.S.C. 2255, where victims of crime choose between liquidated damages and damages sustained. You can't choose between liquidated damages and harm. Those have to be two measures of compensation. Syntax of the rest of the sentence. The sentence says recover the damages sustained. If it meant harm, you would expect it to say recover for the damages sustained. You recover for harm. You don't recover the harm. But if it means compensatory damages, that's a perfectly sensible sentence. And finally, the plain meaning of damages. Every dictionary will tell you damages is a measure of compensation, including the treatise that petitioners cite at page 15 of their opening brief. So absent that textual hook, the other problem with petitioners' rule is they still have not told you how to distinguish the human trafficking case from this case. Here are some of the things I heard my friend say. Look at the restatement. Well, we think the relevant restatement principle is section 525, the fraudulent misrepresentation tort. That's the only state law tort that survived to trial, right? It's not a product liability claim. It's an economic tort, fraudulent misrepresentation. She said look to a legal right. Well, Sedema tells us that the legal right protected by RICO is the right not to be harmed by reason of the predicate acts. She said look at whether money was taken. This isn't a forfeiture or an unjust enrichment statute, right? It's not worded that way. She said look to directness, as Justice Kagan explained. That's a proximate cause problem. We recognize we have a heavy burden on remand, but that's not the argument for you. And she said look at what is trying to be redressed. Here we're trying to redress the loss of income from being fired. I welcome the court's questions. Is the loss of income from being fired an injury in business? Yes, your honor. And I believe my friend on the other side conceded that. She said inability to carry on one's livelihood is an injury to business. And what's the difference between injury and damages? So injury is the harm, damages is how you compensate for that harm. And again, I think that's a perfectly sensible reading of the statute. So if the harm is a loss of income, aren't you collapsing or conflating the two? So it's true that we use the term lost wages as shorthand for both, but in one case you are losing your source of income, lost wages is the measure of compensation you need to make yourself whole. And again, that damages definition, damages is compensation, that's the definition that every legal dictionary or treatise articulates. So just walk me through factually, what is the injury here? So the injury here is we were fired. That's the injury to our business. Now as a measure of compensation for that, the damages we claim are an amount equal to the salary we would have made and the other economic benefits that we would have gotten had we remained employed. But medical marijuana did not fire you. So again, your honor, we accept that on remand we will have to meet the kind of heavy factual burden of showing proximate cause, but that's the home for the problem your honor is articulating. How direct is the link between the predicate acts and what happened here? And in this case, you know, our argument is we acted in reasonable reliance on medical marijuana's misrepresentations, that's a classic, right, restatement 525, the pecuniary loss occasioned as a result of relying on a fraudulent misrepresentation is usually actionable. We think we can prove proximate cause, but again, that's a question for remand, not for this court. Counsel, I understood the business or property limitation as having been intended to be a significant limitation on the reach of RICO. Your friend said that your position would make every slip and fall a RICO violation. Why isn't that the case? So two reasons, your honor. The first is sort of empirical. We can look at, for instance, the evidence from the Ninth Circuit, which has had this rule for 20 years, and as we explain in our brief, you actually see fewer civil RICO complaints than you'd expect, and that's because the injured in his business or property or crime is still doing something really important, which is fencing out any claim that the harm I suffered is pain and suffering or emotional distress. Those are the sort of lion's share of recoveries in most of these tort cases, right? This is the reason that plaintiff's lawyers bring these cases are for those massive recoveries. The second point I'll make on that front is, you know, RICO has a number of guardrails. In your average slip and fall case, you're not going to be able to prove a predicate act, let alone a pattern of predicate acts, let alone a pattern carried on through a racketeering enterprise. Well, but I mean, those guardrails are addressing different things. I mean, the business or property requirement is pretty central to the heart of RICO and what separates it from all these other cases. So I'm not sure it's very responsive to say, oh, don't worry about that basic fundamental question because there are all these other more subsidiary ones that are going to take care of the problem. So I think that's right, that it's doing meaningful work because, again, it fences out the sort of pain and suffering, emotional distress, the kind of lion's share of the recoveries. You know, as Justice Gorsuch noted, and as lower courts have kind of grappled with, it turns out that Congress maybe wasn't doing quite as much work as it wanted to with this guardrail. We know that from the antitrust context where it's virtually always satisfied. But as this Court has said time and again... By this guardrail, you mean the business or property restriction? Yes. As Justice Gorsuch noted, in the antitrust context, it's virtually always satisfied. And what this Court has said time and again, right, that's Sedema, that's Bridge, that's Arquette, Congress may have written the statute too broadly, but that's a problem for Congress. Do you agree that the statute excludes damages for personal injuries? So yes, I agree that if the injury you suffered is an injury to your body, you can't claim damages for that. And I think what the other side is saying, that the damages for personal injuries are usually including lost wages and medical expenses. And that what you're doing, even though you just admitted that the statute excludes damages for personal injuries, is taking lost wages and medical expenses and saying, oh, well, we can get around that limitation that the Chief Justice referred to by characterizing the lost wages or medical expenses as separate injuries to your business or property. That's the concern. I'm curious your response. So I do think lost wages are an injury to business. And my friend on the other side said... But there are also damages for the personal injury in some of these cases. And the question is whether... I think the question and the problem here that we have to figure out is when you characterize them, if they are damages from personal injury, can you just recharacterize them as injury to business or property and get around, as the Chief Justice's point, the limitation that Congress at least thought was important? So I think that when Congress wants to exclude something that is intertwined with a personal injury, it knows how to do so, right? It can exclude... There's lots of statutes, we give examples in our brief where it says you cannot recover damages on account of a personal injury. That is, if there's a personal injury intertwined with a business injury or in the chain of causation leading up to the business injury, you are out of luck. Congress didn't do that here. Congress just said, find an injury to business. And we think being fired is a classic injury to business. You can no longer carry out your livelihood. And that's all you need to get... That would mean, I think you're saying, okay, I think you're saying, yes, the damages from personal injuries can be characterized as injuries to business or property, therefore you can just bring them under RICO. That would mean that every state tort personal injury suit in which you're seeking lost wages or medical expenses can be now brought under RICO and seek treble damages. And I would think the federalism can, among several others, would kick in there and say, whoa, that'd be a dramatic, really radical shift in how tort suits are brought throughout the United States. And we would expect a clearer indication from Congress. Sure, Your Honor. So two responses on that front. The first is, I think it's a mistake to think that most state garden variety torts can form the basis of a RICO claim. There's a reason why most product liability cases are brought in strict liability or negligence. There's a reason why the pattern... There's going to be a lot of false advertising kind of cases, inadequate warning cases that can easily be made into a RICO predicate, then can, under your theory, be brought in federal court under RICO for treble damages. And then, you know, you've seen it in the amicus briefs, I'm just raising what's there. Class actions and MDLs where you have the treble damages. And that's a dramatic, I'm not saying it's right or wrong, but I think it's a dramatic shift. And the Ninth Circuit doesn't have exactly the rule you're asking for. So I don't think the Ninth Circuit is actually a good answer to the Chief Justice. A dramatic shift in how tort suits are prosecuted, which may be good, may not be good. I'm not sure Congress really put that into this statute. Sure. So just on the federalism canon point, I'll note that if Your Honor is right, that every state false advertising case actually can be actionable as intentional fraud committed through a racketeering enterprise, that means that under criminal RICO, remember, does not have an injured in his business or property requirement. Those are prosecutable with a 20-year sentence. And so if Congress did not have any federalism concerns with subjecting the garden variety state tort feeser to federal criminal liability, I think it's hard to say the federalism canon kicks in when they're subjected to civil liability. Well, they didn't, I think the lack of the language in the criminal RICO provision shows that they were more concerned about federalizing the civil RICO side, because there they did have the limitation injured in your business or property, not injured in your person. So maybe two more responses, let me try to tell Your Honor's hypothetical. The first is, the word injured, if it doesn't mean harm, my friend on the other side hasn't told you what else it might mean. Well, the restatement, I'm sorry to interrupt, but your brief starts with injured equals harmed. Yep. It's right on page one, like fifth line. And that's the linchpin of your argument, which I think is a matter of ordinary meaning yes, but it's a matter of tort law. The restatement makes very clear, like restatement seven says injury and harm contrasted. That's right. They're two different concepts and have been for years and decades and centuries in tort law. Injury and harm are two very different concepts. So that's right. Injury can mean invasion of a legal right. But here, that's trivially true, right? That's the square holding of Sedema. And Sedema, someone tried to come to this court and say, look, it can't just be an injury meaning you were harmed by the predicate acts. There's got to be some sort of racketeering injury. That's the legal right being invaded. And this court said, quote, the compensable injury necessarily is the harm caused by the predicate acts. So we're happy with a definition that says invasion of a legal right, but Sedema tells you what that legal right is, and it is harm caused by the predicate acts. The right that RICO protects is the right not to be harmed by the predicate acts. And so I think whether you say injury just means harm, period, or it means an invasion of a legal right, there's no way on the text of the statute to somehow distinguish between the human trafficking and kidnapping hypotheticals. Just to close it out, you're okay if we say injury is the invasion of legal right? We're completely okay with that so long as you accept that Sedema tells you what that legal right looks like. Ms. Anand, just a couple quick questions. First, in your dialogue with Justice Kavanaugh, there was some discussion of lost wages and medical expenses. Do you think medical expenses are recoverable as well as lost wages under business and property? So I happen to think yes, and I think that follows from Rotella and Reiter. But we don't particularly have a dog in that fight because that's under the property branch and not the business branch. So I'm happy to explain why I think the answer is yes. Reiter seems to say... Briefly, but it seems to me you're telling me we don't need to decide that question in this case is your top line answer. Top line answer is you don't need to decide that question. The way you know that is the Second Circuit, PADAP 18A, Judge Moore's dissent in Jackson, all these jurists who have accepted our rule have reserved the question of medical expenses. Just a separate question. Would you encourage us to do so here? No, I would not encourage you to do that. You would encourage us to decide it, of course. So briefly, give me your best shot at it. So on the precedent piece, Reiter-Clayton Act context says economic expenditure equals injury. And Rotella petitioners seem to accept, reply brief, page 8, this is the case, doctors wrongly impose psychiatric confinement and then bill someone for it. And petitioners seem to accept that that bill counts as a harm to property. All right. In the second question, there was an extensive dialogue about the car wash hypothetical and the kidnapping hypothetical. And if I understood Ms. Blatt, her argument goes something like this, that there are two injuries, however characterized, whether it's a harm or an invasion of a legal right. One is the assault or the kidnapping. The other is the act of extortion. And only the latter is recoverable. And it isn't a causation question so much as the nature of the injury in those two cases. Your best response. I think under that framework, we also have two injuries, right? There's the bodily invasion, the sort of undetected consumption of THC, and then the firing. I understand that. But deal with the hypotheticals, if you will. You both go back and forth forever on these hypotheticals, and they're very interesting ones. Sure. So I agree the car wash owner gets to recover. And I would say that is because the only thing you're looking at in the injured in his business or property requirement is was the person harmed in his business. And the answer is yes. Now, there are other parts of the statute that take care of how direct is the connection between the predicate offense and the injury to business. That's the by reason of language. That's approximate cause. So the assault, if I understand it, your answer, if I see if this is right, I just want to hypothetical and the active kidnapping and the kidnapping hypothetical may or may not be recoverable depending upon whether they're proximately related to the extortion acts in both cases. I think that's right. So the only parts that's recoverable is the money or business part and the extortion. Extortion part. I paid money. Or the ransom and the kidnapping hypothetical. And the only question is, are those proximately caused by the RICO predicate of the kidnapping or the extortion? Thank you. And, you know, I think in those cases, right, the causal connection may be tighter. But again, right, that's again classic proximate cause. Congress connected predicate act with injury to business and property using the phrase by reason of. Got it. Anticipated some links in the cause. Can I ask one? Justice Alito? If we agree with your reasoning but reserve the question of the coverage of medical expenses, would there in a later case be a principled basis for drawing that distinction or would we be effectively deciding that by agreeing with your reasoning? So again, I think the answer is that those count, but I can tell you what lower courts have sort of said to distinguish those. There's been kind of two explanations. One is that Reiter's all money counts as property definition doesn't map on cleanly to civil RICO. And the other is that there's sort of a common law principle that mitigation measures don't count. And so if you're trying to mitigate your pain and suffering through medical expenses, that wouldn't count. Now, again, I'm not ‑‑ we have no dog in that fight. I don't know whether those are right or wrong. And again, I think Rotella kind of already crosses that bridge. But I think you can reserve the question here. One other question. There's been talk about proximate cause. I assume you believe on remand you can show that the injury here, the lost wages were proximately caused. Could you explain why? Sure, Your Honor. So I think the two best points for us, the first is how the restatement provision talks about fraudulent misrepresentation. And it says any pecuniary loss occasioned by reasonable reliance on the misrepresentation is usually recoverable. And so we think here that's exactly what happened in reasonable reliance on petitioner's misrepresentation. We took this drug. The foreseeable consequence is that we got fired. The second is sort of factual point. Remember, it's not just about general misrepresentations on YouTube and on the website. Ms. Harphorn called customer service, says I'm a trucker, can you promise me this doesn't have THC? And they say yes. Now, again, we know we're going to have a heavy burden on remand. This Court's cases have said that proximate cause is not just the common law concept, but you layer on top of that specific civil RICO directness requirement. Is this a jury question? The question of proximate cause. We think there are factual issues embedded in the proximate cause question. But again, apologies. What percentage of RICO cases go to trial? I don't know the answer to that off the top of my head, Justice Alito. I will say that on this point, petitioner's proximate cause arguments at summary judgment related primarily to Ms. Harphorn and not to Mr. Horn. So in other words, had they made the argument that Justice Kagan articulated, we don't know how the district court would have ruled if they did not make that argument. Ms. Anand, it seems to me, and I just would like to get your take on this, that medical marijuana has litigated this case differently than it was framed below and differently than the circuits that are on its side of the split. In this definition of injury, I know the Second Circuit said, well, if personal injury is the derivative of the property damage, it doesn't count. As you said, and as Justice Kagan said when she was going back and forth with Ms. Blatt, proximate cause seems a natural home for this. What do you think? Can you point to developed ideas in the courts of appeals about how to define this injury? This idea of looking to a federal definition of it, looking to restatements. In your view, are there circuits that are actually doing that? So I don't think so, Your Honor, and I think you can see that in the question presented, which asks, when economic harm results from a personal injury, is it actionable? The question presented seems to contemplate this sort of chain of causation test, which as we're sort of talking about, I think proximate cause and not some sort of per se rule about what the links are should count. I don't see that there's a body of case law doing something different in the lower courts. So in your view, medical marijuana's theory of the case is kind of novel? I think medical marijuana's theory of the case is novel, although I guess I would say again, I'm not sure I understand it. That is, I'm not sure I understand where they're asking you to look to find the legal right. It's not civil RICO, because Sedema tells us we can't do that. I don't think it's state tort law, so it'd be a little bit strange to have a list of predicates that includes trafficking in nuclear weapons and counterfeit phonograph records and say, look at the restatement. And if you look at the restatement in this case, the only state tort law claim that's still live in our case, fraudulent misrepresentation, looks economic and not personal. So I'm not positive what their test is, but I agree that it's not something that we've seen in the lower courts. I share your confusion. Ms. Anand, did your client suffer a personal injury that caused his firing and lost wages? So we think that he did not suffer any harm to his person, and we're not here challenging the district court's ruling that we cannot even bring a product's liability claim because we did not suffer harm. Does that answer your question? So, in other words... Yeah, I mean, I think so. I guess I'm still struggling with the question presented in this case, which assumes that sort of connection, that there's a personal injury from which economic damages result. And I don't see a personal injury, and maybe I'm just looking at it in a peculiar way. Well, so we vociferously argued at the brief and opposition stage that this was an improper vehicle to grant cert because we did not think there was a personal injury here. Or at the very least, the personal injury here is so strange, right, the personal injury that only gets discovered after the economic injury, that it would be a strange case to kind of... And in fact, below, they argued there was no personal injury in seeking to dismiss all of the personal injury claims, correct? That's exactly right. And none of those claims are proceeding to trial. So they successfully argued for dismissal of those claims. Well, why wouldn't there be a personal injury, though? I mean, there's a failure to warn that this product contains ingredients that your client didn't know about, and should have known about, and had a right to know about. I would have thought that that would have been kind of a classic personal injury. So two responses, Your Honor. Perhaps that's what you argued below, I don't know. That is what I was going to say. The strange thing about how this case comes to you, right, is... No, I understand. But that was your theory below. That was our theory below, that we should be able to bring a state law product's liability claim. Opposing counsel said, no, you can't. District court sided with them. Got it. Got it. Thank you. The only other thing I'll say is, kind of going back to a hypothetical earlier, we just don't think that ingestion is particularly critical to our case. In other words, we would bring exactly the same case, we'd allege exactly the same predicate acts, the same measure of compensation, the same sort of theory of harm, if the medical marijuana's product had been found in a locker and we'd been fired as a result. Thank you, counsel. A big part of your answer, your dialogue with Justice Scalia, to why we shouldn't worry about the expansion of RICO that your friend suggests might follow, is that you have to show proximate cause. And I don't quite remember your formulation, I'm sure it was carefully guarded. But you suggested that that was going to be hard to do, right? And tell me again why that is. So I said we would have a heavy factual burden to carry on remand. That sounds hard. But I think that if we can prove that, in fact, you know, there was reasonable reliance on this misrepresentation, and more specifically, that Ms. Harporn called customer service, said, you know, I'm a trucker, promise me this doesn't have 0% THC, I think that satisfies proximate cause, even under this Court's more restrictive test. But we accept we're going to have to prove those things up. Well, what's so hard about that? In other words, if you're concerned about the reach of your argument, and your answer is don't worry, we have to show proximate cause, that seemed like a pretty normal proximate cause argument. So, so apologies. My answer isn't just proximate cause. It's also you have to show RICO predicates, right? Most products liability are strict liability, but again, that's intentional, and there's a reason why most people bring products liability claims under strict liability or negligence. You're also going to have to prove a pattern, right, continuity and relatedness, you have to prove the enterprise requirement, and I think most importantly, again, the mind run of cases, the big chunk of recovery is pain and suffering or economic distress. And you cannot get those under civil RICO, right? Those are not injuries to business or property. And I think that... Well, again, you're talking about these other guardrails, not to worry about the fact that you're diluting the business or property requirement. So I guess I disagree that we're diluting the business or property requirement. We think that lost employment is a classic business injury. Now, the relationship between the lost employment and the predicate acts, you know, Congress put by reason of in there, it didn't put a more stringent test, it didn't say, you know, in the course of the predicate act, you have to injure a business or property. It didn't, you know, didn't have a motive or a targeting requirement. And we think that the plain import of that as this Court has held in Holmes and from there on is, you have a predicate act, you have a loss of livelihood, and the work to do is to connect those as with the proximate cause requirement. Thank you. Justice Thomas? Justice Alito? Well, just out of curiosity, why do you think you're going to face a heavy burden on remand to show foreseeability? Wouldn't you argue that a company that advertises its product as being completely free of THC, not just that it has only such an infinitesimal amount, but it's not going to get people high, but it is completely free of THC, is appealing to a category of potential customers who, for some reason, want to make sure that they don't ingest even a tiny, tiny amount of THC. And when someone who purchases the product then suffers the consequences of having a very small amount of THC in that person's system, that is an entirely foreseeable result. So I agree, Justice Alito. I was just responding to Justice Kagan's point that in many cases, the intervening act of a third party does cut off the chain of custody, but for exactly the reason— Yeah, I know. You're trying to tell us that the proximate, among other things, you have other arguments, but the proximate cause requirement is going to do some of the work that some of us might fear will be needed if we agree with your interpretation of injury to business or property. I get it, but I'm not sure why your case is a good example of that. Sure. I think that's right. I was responding only to Justice Kagan's concern about the third party actor, but we agree, we think we're going to meet the proximate cause test. I just want to say, my bottom line position here is defendants have come to this court for decades and said the sky is going to fall if you interpret RICO the way its text literally says it should be interpreted. The sky hasn't fallen. This court has, time after time, including a unanimously in Bridge, said, you know, Congress probably wrote a statute that's a little too broad in some ways, but here we are, and it should stay the course here. That's my fundamental position. Well, I think you're—are you overstating your argument? If we look back at everything that the court has done in civil RICO cases, I certainly don't think the court has consistently applied the liberal construction policy or just relied on the plain language of the statute. RICO is a—RICO is a tough thing to deal with. I think that's right, but I think that's because of things in the statute, like the enterprise requirement, right? It's not just someone commits a predicate act. They have to use an enterprise to do it or fund an enterprise through doing so. It's because the predicate acts often require sort of higher degrees of proof. There's lots of reasons in the text why RICO is challenging. Thank you. Justice O'Connor? Justice Kagan? Captain? A couple questions. The larger issue afoot from the amicus briefs, of course, is the class action MDL that state tort suits are going to be converted into civil RICO because you can get triple damages, and this is going to be a bit of a change. On that, one thing you've stressed is proximate cause. When, of course, in those types of suits—and you can respond whether you think that's correct or not, that factual prediction—but in those kinds of suits, of course, getting past the motion to dismiss, getting past summary judgment is the key. When would proximate cause be resolved? So I think some of those can be resolved early on, right? In most cases, it's not going to be the case that firing is the obvious consequence of whatever mislabeling happened, right? And so I think fairly early on— But you're saying in this case— Well, because of what Justice Alito explained, right? The only reason to market this as having zero percent THC—there's a couple reasons you might market it. You can say no psychoactive effect for the person who's worried about that, but the emphasis on zero percent THC, that's for someone who's either worried about their employer or about federal law. Like, the particular misrepresentation here is intimately tethered to the business harm that occurred, right? And that won't be the case in every kind of, you know, average or product mislabeling. What about the factual prediction? Do you want to say anything about that? Because the amicus briefs really are quite aggressive on that, and you could say, yes, but that's good, or you can say, no, that's not going to happen, and if it's the latter, I'd like to hear why. Right. So I think we have two data points for why this is unlikely to happen. The first is sort of the Ninth Circuit, as I explained. Second is, right, there are lots of products liability cases. Think the washing machine that floods your home, right, where there's no personal injury anywhere in the ambit, right? It's all property damage. You see those cases. You see lots of those cases in state court. You don't see them being brought at CivilRICO. That's not because of petitioner's rule. Petitioner's rule has nothing to do with the oven that burns the house or the washing machine that floods the basement. That's all the other aspects of RICO are keeping that case out. So I think, you know, those are the two data points I can give you, you know, and just the other thing I would say is I do think that the other guardrails do some work in fencing out those cases. I think that's why you don't see those cases being brought, and, again, as a kind of incentive matter, ruling out all pain and suffering and emotional distress means that it's not  Well, you've said that umpteen times, and I understand why you've said it, but lost wages and medical expenses are a huge part of personal injury tort suits, the damages. I think that's right. My friend on the other side and I disagree on exactly what fraction, but, you know, the Chamber of Commerce study that we cite in our brief says the lion's share of the recovery are these sort of non-pecuniary intangible harms, and I think that's correct, right? Medical expenses, you may see insurance companies bringing these suits, although I think under petitioner's theory insurance companies can still sue for medical expenses, I think what they told you in the brief, but in the sort of average case, the big incentives, I think that's why you're not seeing, I don't know the reason you're not seeing these cases in the Ninth Circuit or in the products liability that don't result in bodily injury context, but you're not, and I think that should give you some solace. My fallback position is just Congress wrote the statute to just ask about an injury to business or property. That may have been profoundly unwise. It may have been profoundly unwise to use mail and wire fraud as predicate offenses. Federalism canon doesn't kick in at all, you said. I just want to make sure I had that answer nailed down. I don't think the federalism canon kicks in because petitioners have not been able to give you any definition that's tenable on the plain text of the statute, which is where the canon would kick in as a tiebreak, if at all. Thank you. Justice Barrett? Justice Jackson? And I just wanted to let you finish the discussion of whether or not this statute is overly broad. I mean, it gives me some solace that we have actual text from Congress directing courts to liberally construe the provisions of RICO to effectuate its purposes. So it seems as though Congress contemplated that this was going to have a pretty broad sweep, and that we should allow it to do that. I think that's right. It's very rare Congress writes a liberal construction canon into the text of the statute. And I think that the ill that Congress was targeting is one that's sort of hard to pin down and define, right? We've talked a little bit about the wire and mail fraud predicates, which I think are—what is causing this court some heartburn is the fact that mail and wire fraud are among the predicate offenses, and those seem to map onto a lot of state tort law claims. And it seems as though some of the concern is, you know, are we expanding beyond what the text says here, and would it be a sea change that actually brings in a lot of things that weren't intended to be covered? Or is Ms. Blatt asking us to narrow down what the text says and make business and—or property, you know, narrower? I kind of see it as the latter, but can you just speak to that as a final word here? So I agree it would be the latter. Injury to business or property means injury to business or property, whether it's harm or legal harm. It just means that you are harmed in your ability to earn a livelihood. Now again, I think that Congress used that language and used the liberal construction provision and put things like mail and wire fraud in the list of predicate offenses because they wanted the statute to sweep quite broadly, and I think that this Court should just enforce the text as it was written. Thank you. Thank you, Counsel. Rebuttal, Ms. Blatt? Thank you, and may it please the Court. Let's just start with the text. I don't think there's a response to the fact that the other side is reading this as any person injured in his person, business, or property can recover three times the economic damages. So they're adding the word injury, a personal injury, to the injury requirement, and they're adding the economic restriction to the damages. It completely flips the statute on its head, and this is the way the Clayton Act has been read since eternity, that personal injuries are not recoverable. On the consequences, we cite, I think on page 27, this case, Huff, it involves a boxer, and that's a case where the district court just ignored the Ninth Circuit, and that's why there's not consequences, is because district courts aren't crazy, and when they see a personal forward. The Ninth Circuit also has some language that says lost wages may not be recoverable. So it's a little bit quirky. In terms of the lion's share, that mega study is just dealing with gargantuan mega hits. It doesn't matter if pain and suffering is 60 percent or 20 percent, 99.99999 percent of all personal injury cases come in under their rule. All they're doing is excluding a narrow type of damages. So any personal injury comes in as long as there's an economic damage. In terms of proximate cause, proximate cause, we think there is no proximate cause, but that's not the problem. You have a case before you that it will be a legal rule. Well, there is proximate cause in all personal injury actions resulting in medical expenses and lost wages. There's direct cause. You don't even need proximate cause. It's but, proximate, direct, what have you, yet only our rule will exclude it. But there will be proximate cause when you have a slip and fall and lose your job, either lose wages or you can't work because you lose your ability to use your hands or eyesight. In terms of the other thing about, oh, RICO's a big deal, on 107, 108, and 76, 77A, two sales with the RICO Predicate Act and three ads. That's what it took to state a mail and wire fraud, two sales in a 10-year period. That is not that complicated. Justice Barrett, in terms of the shifting position, I do think we came up with Western Gecko at the merit stage, but both the 6th, 7th, and the 11th Circuit do talk about damages and recovery for personal injury. So I think we refined it here, but we certainly got it from those cases. The district court itself held this is a personal injury action and there's lost wages damages. The other thing I will say is we took your language from that Chrysler Motor case that said damages resulting from personal injury. So we stole it straight from your language because we figured we can't go wrong if we just stick with the Clayton Act rule. In terms of medical expenses, I'm sorry, I don't see how you can carve out medical expenses. That's the biggest loss of property. To say that what the court below did, it just said, well, personal injury damages would be excluded, but lost wages will be recoverable because that's an injury to business. Well, all lost wages could be characterized as injury to business when they're just damages. To be sure, you can have a lost property damage or a lost property injury. You can have damages or injury to both. It just depends on what the nature of the cause of action is. And I think that's it. Thank you. Thank you, counsel. The case is submitted.